UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KRISTOPHER EMBRY                                        CIVIL ACTION

VERSUS                                                  NO. 19-1474

HIBBARD INSHORE, LLC                                    SECTION "R" (2)

## ORDER AND REASONS ON MOTION

Defendant Hibbard Inshore, LLC's ("Hibbard") Motion for Leave to File Amended Notice of Removal, Record Doc. No. 14, is before me. Hibbard, a limited liability company ("LLC"), seeks leave of court to amend its notice of removal to state the citizenship of its individual members for purposes of clarifying diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed a timely opposition memorandum. Record Doc. No. 27. For the following reasons, the motion is GRANTED.

Under Fifth Circuit precedent, an LLC is not treated as a corporation for purposes of diversity jurisdiction. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). "Rather, the citizenship of a LLC is determined by the citizenship of all of its members." Id. "The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. The basis for diversity jurisdiction must be distinctly and affirmatively alleged." Menendez v. Wal-Mart Stores, Inc., 364 F. App'x 62, 65 (5th Cir. 2010) (quoting Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 (5th Cir. 2009)) (citing New Orleans & Gulf Coast Ry. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008)).

Nonetheless, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. This statute "grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction. . . . [Section] 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." Menendez, 364 F. App'x at 65 (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1258 n. 5 (5th Cir. 1988); Whitmire v. Victus Ltd., 212 F.3d 885, 887–88 (5th Cir. 2000); see also Labeaud v. Knight, 2011 WL 4625386, at *2 (E.D. La. Oct. 3, 2011) (citing Menendez, 364 F. App'x at 67–68; D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 146 (5th Cir. 1979)) ("Among the most common 'purely technical' defects which may be remedied by amendment is a defective allegation as to the citizenship of the parties."). However, the Fifth Circuit

> do[es] not generally recognize post-filing or post-removal amendment as cure for jurisdictional defect. Although 28 U.S.C. § 1653 and [Rule] 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original complaint was filed or removed.

Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc., 756 F.3d 327, 337 (5th Cir. 2014) (quotation and citations omitted).

Hibbard's proposed amendment does not purport to create a basis for jurisdiction that did not exist when this defendant filed its notice of removal. Rather, the amendment inserts new paragraphs and affidavits to correct partially defective allegations of

citizenship by stating the previously omitted citizenship of LLC members Jay and Bradley Hibbard and clarifying that the named defendant is allegedly diverse from plaintiff. Record Doc. Nos. 14-4, 14-5, 14-6.

"Though section 1653 should be liberally construed, it is also true that the party wishing to cure defective allegations cannot engage in bad faith or undue delay." First Bank & Trust v. Jones, 2014 WL 4072116, at *3 (E.D. La. Aug. 13, 2014) (internal quotation omitted) (citing Getty Oil, 841 F.2d at 1258 n.5; Miller v. Stanmore, 636 F.2d 986, 990 (5th Cir. 1981); Rios v. Mall of La., 2014 WL 2207985, at *2 (M.D. La. May 28, 2014)). This action was removed on February 15, 2019. Record Doc. No. 1. This motion was filed only about one month later, on March 18, 2019. Record Doc. No. 14. A motion to remand this matter to state court is pending before the district judge and both parties have submitted briefing on that motion. Record Doc. Nos. 11, 13, 29. No scheduling order setting dates and deadlines, including any deadlines for amending pleadings, has yet been issued. Plaintiff's sole argument in his opposition is that defendant failed adequately to specify the citizenship and name of each LLC member in its proposed amended notice of removal. Record Doc. No. 27 at p. 2. This argument is better addressed on the pending motion to remand on a complete and accurate pleading record. Under these circumstances, I cannot find that undue delay or bad faith are involved in defendant's filing of the instant motion. Moreover, no undue prejudice to plaintiff's ability to prepare or prosecute his case would result from allowing the

amendment, because no trial date or other deadlines have yet been set. For all of the foregoing reasons, leave to file the amendment is granted.

New Orleans, Louisiana, this ___10th___ day of April, 2019.

                                                JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE